UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DELOREAN L. BRYSON,<br><br>                   Plaintiff,<br><br>v.<br><br>DYLON RADTKE, JOHN KIND, HEARINIG OFFICER, and JANE/JOHN DOES,<br><br>                   Defendants. | Case No. 25-CV-1055-JPS<br><br>**ORDER** |

      Plaintiff Delorean L. Bryson, an inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On October 14, 2025, the Court ordered Plaintiff to pay $23.55 as the initial partial filing fee on or before November 13, 2025. ECF No. 9. In that order, the Court warned Plaintiff that the failure to timely pay the initial partial filing fee may result in the dismissal of his case, without prejudice, for the failure to prosecute. *Id.* On November 24, 2025, the Court dismissed the case without prejudice for Plaintiff's failure to prosecute and entered judgment accordingly. ECF Nos. 10, 11. Pending before the Court is Plaintiff's motion for reconsideration, ECF No. 13, and motions for an extension of time to pay the filing fee, ECF Nos. 12, 14. Plaintiff paid the IPFF on November 25, 2025.

      The Court will grant Plaintiff's motion for reconsideration and will reopen this case. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking

relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

Here, Plaintiff's motion for an extension of time shows that he attempted to file his motion well before the deadline to pay the IPFF. ECF No. 12 (motion signed on November 10, 2025). As such, the Court finds that Plaintiff's late filing was through no fault of his own and that reopening this case is in the interest of justice. As such, the Court will grant Plaintiff's motion for reconsideration, instruct the Clerk of Court to vacate the dismissal order and judgment, and reopen this case. The Court will deny as moot Plaintiff's motions for an extension of time. The Court will screen the complaint in due course.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration, ECF No. 13, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court **VACATE** the dismissal order, ECF No. 10, and judgment, ECF No. 11, and **REOPEN** this case; and

**IT IS FURTHER ORDERED** that Plaintiff's motions for extensions of time, ECF Nos. 12, 14, be and the same are hereby **DENIED as moot**.

Page 2 of 3
Case 2:25-cv-01055-JPS    Filed 12/11/25    Page 2 of 3    Document 15

Dated at Milwaukee, Wisconsin, this 11th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge